IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY ALLEN, SR., #1043550,<br>　　　　　Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | 3:12-CV-0075-P (BK) |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>　　　　　Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court did not direct Respondent to file an answer. For the reasons that follow, it is recommended that the habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Following a plea of guilty to violating a protective order, Petitioner was placed on five years' deferred adjudication probation. *State v. Allen*, No. F99-72782 (291st Judicial District Court, Dallas County). In 2001, after Petitioner was convicted of robbery, the trial court revoked his probation, found him guilty of the underlying offense, and sentenced him to 10 years' confinement. *Id.* The court of appeals dismissed the appeal from the probation revocation and adjudication of guilt for want of jurisdiction. *Allen v. State*, No. 05-01-00812-CR (Tex. App.--Dallas, Jun. 12, 2002, pet. dism'd). Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Allen*, No. 58,875-01 (Tex.

Crim. App. 2004); *Allen v. Dretke*, No. 3:04-CV-1757-D, 2004 WL 2583633 (N.D. Tex. Nov. 12, 2004), findings and recommendation accepted (N.D. Tex. Dec. 14, 2004) (dismissing section 2254 petition as time barred); *Ex parte Allen*, Nos. 58,875-02 and 58,875-03 (Tex. Crim. App. 2006) (denying state application); *Ex parte Allen*, No. 58,875-03 (Tex. Crim. App. 2007) (same); *Ex parte Allen*, No. 58,875-04 (Tex. Crim. App. 2009) (dismissing state application as successive); *Ex parte Allen*, No. 58,875-06 (Tex. Crim. App. 2011) (dismissing state application for non-compliance).

In this action, Petitioner again seeks to challenge his 2001 probation revocation and adjudication of guilt. (Doc. 8 at 3.) He alleges that the court that issued the underlying protective order violated the Constitution by (1) denying his right to appeal, (2) failing to give him notice that default judgment would be entered, and (3) denying his writ of review as moot; and that, as a result, the convicting court was deprived of jurisdiction over his case. (Doc. 8 at 6-7.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, a

three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Petitioner must obtain such an order before he can file a successive petition for habeas relief under section 2254 challenging his 2001 probation revocation and adjudication of guilt.  Therefore, the section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's successive petition for writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3).

SIGNED March 23, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE